FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION     2008 JUN 16  AM 10: 59

HERMAN L. SPRINGS,

                    Plaintiff,

                                                   U.S. DISTRICT COURT
                                               MIDDLE DISTRICT OF FLORIDA
                                                   FORT MYERS, FLORIDA

vs.                                    Case No.   2:08-cv-416-FtM-34SPC

SHANNON L. BROWN; ROBERT R. JACOBS,
III,

                    Defendants.

_____

### ORDER[1]

This matter comes before the Court upon review of the Complaint. Plaintiff, who is proceeding *pro se* and currently in the custody of the Lee County Jail, initiated this action by filing a § 1983 Civil Rights Complaint Form (Doc. #1, Complaint) on May 16, 2008. Plaintiff seeks permission from the Court to proceed *in forma pauperis*. See Docs. #2, #3.

The Prison Litigation Reform Act requires that the Court review all complaints against governmental officers and entities to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during

_____

[1]This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

the proceedings.   In reviewing a complaint, however, the courts must apply the long established rule that _pro se_ complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys.   <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).   And, the court views all allegations as true. <u>Brown v. Johnson</u>, 387 F.3d 1344, 1347 (11th Cir. 2004).

A case is deemed frivolous where the complaint lacks any arguable basis in law or fact.   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>see also</u> <u>Mitchell v. Brown & Williamson Tobacco Corp.</u>, 294 F.3d 1349 (11th Cir. 2002); <u>Bilal v. Driver</u>, 251 F.3d 1346 (11th Cir. 2001).   Frivolous claims are those that describe "fantastic or delusional scenarios."   <u>Bilal</u> at 1349.   The Court recognizes that generally it is preferable to serve a _pro se_ complaint before dismissing it as frivolous under § 1915A(b)(1). <u>Williams v. Secretary for the Department of Corrections</u>, 131 Fed. Appx. 682, 686 (11th Cir. 2005).   Nonetheless, when the Court finds from the "face of the complaint . . . that the factual allegations are clearly baseless or that the legal theories are indisputably meritless" the Court may dismiss the suit without further delay since such suits "unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense."   <u>Id.</u> (quotations and citations omitted); <u>Nietzke</u> 490 U.S. at 327; <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Bilal</u>, 251 F.3d at 1349.   The standard governing

-2-

Federal Rule of Civil Procedure 12(b)(6) dismissals applies to dismissals under § 1915(e)(2)(ii). <u>Alba v. Montford</u>, 517 F.3d 1249, 1252 (11th Cir. 2008); <u>Mitchell v. Carcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1968-69 (2007)(abrogating <u>Conley v. Gibson</u>, 355 U.S. 41 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir. 2001).

As this is a § 1983 action, the initial inquiry must focus on the presence of two essential elements:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States.

<u>Griffin v. City of Opa-Locka</u>, 261 F.3d 1295, 1303 (11th Cir. 2001).

Here, Plaintiff sues his public defender, Shannon Brown, who appears to be representing him in his pending state criminal trial. Complaint at 4, 7. Plaintiff also sues Robert R. Jacobs III, who Plaintiff explains is now deceased, but was Defendant Brown's supervisor at the Public Defender's Office. <u>Id.</u> The Complaint alleges that the Defendants have violated Plaintiff's right to a speedy, public trial, with an impartial jury. <u>Id.</u> at 9.

Plaintiff's claim is fatally flawed and must be dismissed because the Complaint does not meet the requirements of § 1983. Plaintiff's appointed state defense counsel is not a "person" "acting under of color of state law" for the purposes of § 1983. Significantly, the United States Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." <u>Polk County v. Dodson</u>, 454 U.S. 312, 325 (1981) (footnote omitted).

The Court, in viewing the facts alleged in the light most favorable to Plaintiff, concludes that no relief could be granted against Defendants Brown or Roberts under any set of facts that could be proved consistent with the allegations in Plaintiff's Complaint. Thus, for the reasons stated above, Plaintiff has failed to state a cognizable claim under § 1983 and consequently, this case will be dismissed pursuant to 28 U.S.C. § 1915A(b)(i).

ACCORDINGLY, it is hereby

**ORDERED:**

1.    Plaintiff's Complaint is **dismissed without prejudice** pursuant to 28 U.S.C. § 1915A.

2.    The **Clerk of Court** shall: (1) terminate any pending motions, (2) enter judgment accordingly, and (3) close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this \_\_\_\_\_ day of June, 2008.



_____
MARCIA MORALES HOWARD
UNITED STATES DISTRICT JUDGE

SA: alj
Copies: All Parties of Record